USAO Rev. 05/23

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 23-88-MN |
| ROMULO AGUILAR AGUILAR, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney, and the defendant, Romulo Aguilar Aguilar, by and through his attorney, David Pugh, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of the Information, which charges him with Unlawful Reentry into the United States after Removal, in violation of 8 U.S.C. § 1326(a).

2.    The defendant understands that the maximum penalties for this offense are: 2 years of imprisonment; a $250,000 fine; 1 year of supervised release; and a $100 special assessment.

3.    The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt:   (a) the defendant is an alien; (b) the defendant was removed from the United States; (c) the defendant was subsequently found in the United States;

and (d) the defendant did not obtain the permission from the United States Secretary of Homeland Security to reapply for admission. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements.

4. The defendant is pleading guilty to Count One because he is, in fact, guilty.

5. Pursuant to Section 6B1.4 of the November 1, 2021, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

      a.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including

offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

6.      Provided the United States does not subsequently learn of conduct by the defendant inconsistent with his eligibility for the District of Delaware's Illegal Reentry Fast-Track Program, the United States agrees to move for a two-level downward departure pursuant to U.S.S.G. § 5K3.1 from the otherwise applicable United States Sentencing Guidelines range.  Accordingly, the defendant agrees to waive a full presentence investigation report by the United States Probation Office. Defendant further agrees not to file any motions described in Fed. R. Crim. P. 12(b)(3).

7.      The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.   The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge.   The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.   The defendant expressly acknowledges

that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8.     The defendant recognizes that pleading guilty will have consequences with respect to his immigration status as he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty.   Removal and other immigration consequences are the subject of a separate proceeding in a separate court.   However, the defendant understands that it is a virtual certainty that his conviction will result in his deportation.   The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.   By entering into this agreement, the defendant acknowledges that he has discussed with counsel the consequences that his guilty plea may have on his immigration status.

9.     In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other

provision of law.   Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if:   (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

10.    The defendant agrees to pay the $100 special assessment the day of sentencing.   Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11.    This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal.   The government routinely files such an attachment, even though it may or may not contain additional terms.   To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

12.    It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A – supersedes all prior promises,

representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

By: _____

_____
David Pugh, Esquire
Attorney for Defendant

Edmond Falgowski
Assistant United States Attorney

_____
Romulo Aguilar Aguilar,
Defendant

Dated: 12/19/23

**AND NOW**, this ___19th___ day of ___December___, 2023, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE MARYELLEN NOREIKA
U.S. DISTRICT COURT JUDGE

6